# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2013

Lyle W. Cayce
Clerk

No. 12-50257
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ISAIAS MEDINA-ARGUETA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-697-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Isaias Medina-Argueta pleaded guilty to illegal reentry and was sentenced to 36 months of imprisonment and three years of supervised release. For the first time on appeal, Medina-Argueta argues that the district court, in sentencing him to three years of supervised release, failed to apply or misapplied U.S.S.G. § 5D1.1(c).

We review sentences for reasonableness by engaging in a bifurcated review. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  First, we ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range."  *Gall*, 552 U.S. at 51.  If the sentencing decision is procedurally sound, we then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*  Because Medina-Argueta raises his argument for the first time on appeal, we review for plain error; he must show a forfeited error that is clear or obvious and affects his substantial rights; and we will correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012) (internal quotation marks and citation omitted).

Medina-Argueta has not demonstrated plain error with respect to his term of supervised release.  The district court stated that it had considered Medina-Argueta's "background and his history and his previous offenses," which included a prior deportation and three-year term of supervised release.  The district court also expressly stated that it had considered the § 3553(a) factors. Based on these facts and because the district court was not called upon to focus on § 5D1.1(c), Medina-Argueta has not shown that a more detailed explanation by the district court would have changed the sentence he received, and the district court's statement for imposing supervised release is not plainly erroneous.  *See Dominguez-Alvarado*, 695 F.3d at 330; *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).  Further, Medina-Argueta's term of supervised release is within the guidelines range; we infer that the district court considered all the requisite sentencing factors; and Medina-Argueta has not rebutted the presumption that his sentence, including its term

2

of supervised release, is substantively reasonable.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.